JUSTICE LEAPHART
dissenting.
¶49 I dissent.
¶50 The District Court concluded that a change of custody was warranted because T.M.E.’s behavior prior to the IPP caused the court “grave concern” and “cast a shadow of implication” regarding the interplay of the relevant factors regarding the best interests of C.T.E. In my view, the District Court’s remedy (change of custody) was too harsh for the perceived problem (pattern of exclusion). Given that the pattern of exclusion which concerned the court was not evidenced between the time of the IPP and the FPP and occurred before any court-ordered plan was in effect, it would clearly have been in C.T.E.’s best interest that C.T.E. remain in custody of the mother, subject to strict requirements as to S.H.’s visitation rights. If T.M.E. failed to honor the schedule and the court’s “concerns” come to fruition, then the court would be justified in invoking its contempt powers and/or considering a change of custody. It was premature to take that drastic step based purely on “concerns.” I would conclude that the District Court abused its discretion.